

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 23, 1985

Mr. W. N. Kirby
Commissioner of Education
Texas Education Agency
201 E. Eleventh Street
Austin, Texas    78701

Opinion No. JM-408

Re:   Whether regulations adopted
by the State Board of Education
implementing teaching competency
examinations comply with the
requirements of section 13.047(g)
of the Education Code

Dear Mr. Kirby:

You have requested our opinion in regard to certain proposed procedures for validating alternative examinations for teacher certification under section 13.047(g) of the Education Code. Chapter 13 of the Education Code provides for the certification of teachers within the state. Section 13.032 authorizes the State Board of Education to prescribe a comprehensive examination as a condition to full certification of a teacher and an administrator. See Educ. Code §13.032(e). Section 13.047 directs the Board to require satisfactory performance on an examination prescribed by the board as a condition for continued certification of teachers and administrators who have not taken an examination purusant to section 13.032(e). See Educ. Code §13.047(a). The examinations prescribed by section 13.032(e) and section 13.047(b) are the only examinations now allowed to be utilized for the purpose of testing teacher and administrator competency, but prior to the promulgation of the section 13.032(e) examination, section 13.047(g) provided that certain examinations taken before that time could furnish a substitute.

Section 13.047(g) provides an exemption from the examination prescribed by section 13.047(b) for any teacher or administrator who has taken a district examination meeting the requirements of section 13.047(g) prior to the promulgation of the section 13.047(b) test. Section 13.047 provides in part:

> (b) The board shall prescribe an examination designed to test knowledge appropriate to teach primary grades and an examination designed to test knowledge appropriate to teach secondary grades. The secondary teacher examinations must test the knowledge of each examinee in the subject areas listed in Section 21.101 of this code in which the

examinee is certified to teach and is teaching. If a teacher is not tested in an area of certification, the teacher must take the examination for that area within three years after beginning to teach that subject.  The administrator examinations must test administrative skills, knowledge in subject areas, and other matters that the board considers appropriate.  The examinations must also test the ability of the examinee to read and write with sufficient skill and understanding to perform satisfactorily as a professional teacher or administrator.

. . . .

(g)  The board may exempt from the examination required by this section any person who, before the examination adopted under this section is prescribed, performed satisfactorily on an examination administered by an employing district if the board finds the examination to be substantially the same or at least as difficult as the examination prescribed by the board.  (Emphasis added).

Educ. Code §13.047(b), (g).  Thus, the section 13.047(g) exemption only affected the limited number of teachers and administrators who had taken district examinations prior to the board's adoption of an examination for continued certification.  We understand that the proposed rules submitted are to provide a procedure within the Central Education Agency whereby the board might determine who has been exempted from the examination requirements of section 13.047(b).

The general test stated by the courts concerning an agency's statutory authority to promulgate rules is whether the rules involved are in harmony with the general objectives of the applicable act.  See Gerst v. Oak Cliff Savings & Loan Association, 432 S.W.2d 702, 706 (Tex. 1968).  Further, the rules may not add additional burdens, restrictions or conditions in excess of those authorized by the statute.  See Bexar County Bail Bond Board v. Deckard, 604 S.W.2d 214, 216 (Tex. Civ. App. - San Antonio 1980, no writ).  Finally, in adopting rules, an agency must not act arbitrarily or capriciously and must have a legitimate reason for enactment of the rules.  See Bullock v. Hewlett-Packard Company, 628 S.W.2d 754, 757 (Tex. 1982).

The board has the authority to promulgate rules to evaluate alternate district examinations under section 13.047(g).  The only restrictions placed upon the board are that the alternate examinations must have been "substantially the same" or "at least as difficult" as an examination prescribed by the board under section 13.047(b).  See Educ. Code §13.047(b), (g).

Section 13.047(b) authorizes the board to prescribe examinations designed to test knowledge appropriate to teach primary grades; one to test knowledge appropriate to teach secondary grades; and examinations to test administrative skills. See Educ. Code §13.047(b). You have characterized these examinations as the "Texas Examination of Current Teachers and Administrators" (TECAT). Each teacher or administrator is to take the appropriate examination in his area of professional certification. Id. The provision also specifies what should have been tested in each examination. Id.

We express no opinion on the validity of these standards. See Allstate Insurance Company v. State Board of Insurance, 401 S.W.2d 131 (Tex. Civ. App. - Austin 1966, writ ref'd n.r.e.); see also 2 Tex. Jur. 3d Administrative Law §16. Moreover, the standards proposed entail expert factual determinations which this office is not authorized to decide. See United States v. State of South Carolina, 445 F. Supp. 1094 (D.S.C. 1977), aff'd mem., 434 U.S. 1026 (1978) (test validation requires expert knowledge). See also Note, Minimum Competency Testing of Teachers for Certification: Due Process, Equal Protection and Title VII Implications, 70 Cornell L.Rev. 494 (1985). However, we advise that the board's discretion should not be exercised in an arbitrary or capricious manner. See Bullock v. Hewlett-Packard Company, 628 S.W.2d 754, 757 (Tex. 1982). The board must also comply with section 5 of the Texas Administrative Procedure and Texas Register Act. See V.T.C.S. art. 6252-13a, §5.

## S U M M A R Y

Section 13.047(g) of the Texas Education Code authorizes the State Board of Education to promulgate procedures for validating alternate examinations that have been taken prior to the promulgation of tests pursuant to section 13.047(b). The discretion of the board should not be exercised in an arbitrary or capricious manner and not inconsistent with section 5 of article 6252-13a, V.T.C.S.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General