cv1-408 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-408-CV





CHRYSLER MOTORS CORPORATION,



 APPELLANT


vs.





TEXAS MOTOR VEHICLE COMMISSION,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT



NO. 474-171A, HONORABLE SCOTT McCOWN, JUDGE



 





PER CURIAM


 Chrysler Motors Corporation appeals from a declaratory judgment upholding a rule
promulgated by the Texas Motor Vehicle Commission (the Commission) to implement the "Lemon
Law," Motor Vehicle Commission Code, Tex. Rev. Civ. Stat. Ann. art. 4413(36), § 6.07 (West
Supp. 1993) (the Code). (1) We will affirm the judgment of the trial court.


The Lemon Law



 Texas, in common with a number of other states, in response to consumer
frustration over problems with repeated repairs involving new cars, passed a "lemon law" giving
consumers a cause of action against a vehicle's manufacturer to force a replacement of the vehicle
or a refund of the purchase price. See generally Noralyn O. Harlow, Annotation, Validity,
Construction, and Effect of State Motor Vehicle Warranty Legislation (Lemon Laws), 51 ALR4th
872-891 (1987); Ayala Alexopoulos, Comment, A New Twist for Texas "Lemon" Owners, 17 St.
Mary's L.J. 155 (1985). Under the Code, the Commission "shall cause" manufacturers and
distributors to perform warranty performance obligations. § 6.07(a). The Commission may
order a manufacturer to repurchase a vehicle that fails to conform to the manufacturer's express
warranties due to a defect that the manufacturer has been unable to repair and that "substantially
impairs" the use or market value of the car. § 6.07(c). The repurchase price is the purchase price
of the vehicle less a "reasonable allowance" for the owner's use of the vehicle. Id. Chrysler
challenges the rule calculating the reasonable allowance for use because the rule reduces the
reasonable allowance for use for certain miles driven and thus increases the repurchase price paid
to the vehicle's owner. 

 Rule 107.8(4) as it read at the time this cause arose (2), provided:


 Except in cases involving unusual and extenuating circumstances, supported by a
preponderance of clear and convincing evidence, a reasonable allowance for the
owner's use of the vehicle shall be that amount obtained by adding the following:


 (A) the product obtained by multiplying the purchase price of the
vehicle, as defined in paragraph (3) of this subsection, by a fraction
having as its denominator 100,000 and having as its numerator the
number of miles that the vehicle traveled from the time of delivery
to the owner to the first report of the defect or condition forming
the basis of the repurchase order; and


 (B) 50% of the product obtained by multiplying the purchase price
by a fraction having as its denominator 100,000 and having as its
numerator the number of miles that the vehicle traveled after the
first report of the defect or condition forming the basis of the
repurchase order. The number of miles during the period covered
in this paragraph shall be determined from the date of the first
report of the defect or condition forming the basis of the repurchase
order through the date of the TMVC hearing.



13 Tex. Reg. 4778, 4779 (1988). The reasonable allowance for use is determined by adding two
numbers: price divided by 100,000 multiplied by the number of miles driven before the first
report of the defect and 50% of price divided by 100,000 times the number of miles driven from
the first report of the defect up through the date of the hearing. Chrysler challenges the
components of the formula providing for a 50% reduction for miles driven after the first report
of the defect and limiting the allowance for use to miles driven through the time of the hearing,
rather than through the time of the vehicle's return to the manufacturer.

 In two points of error, Chrysler contends that the trial court erred in failing to hold
Rule 107.8(4) invalid because:  (1) the rule exceeds the Commission's statutory authority, and (2)
the rule is unreasonable, arbitrary, and capricious.


Rule Exceeds Statutory Authority



 Chrysler contends that the rule exceeds the authority conferred on the Commission
by statute and is therefore invalid. The rule at issue is presumed valid and Chrysler has the
burden to show that the Commission did not have the authority to promulgate it. Hollywood
Calling v. Public Util. Comm'n, 805 S.W.2d 618, 620 (Tex. App.--Austin 1991, no writ);
Browning-Ferris, Inc. v. Texas Dep't of Health, 625 S.W.2d 764, 767 (Tex. App.--Austin 1981,
writ ref'd n.r.e.). The determinative factor in deciding if the Commission exceeded its authority
is whether the rule is in harmony with the general objectives of the statute. Gerst v. Oak Cliff
Sav. & Loan Ass'n, 432 S.W.2d 702, 706 (Tex. 1968); State Bd. of Ins. v. Deffebach, 631
S.W.2d 794, 798 (Tex. App.--Austin 1982, writ ref'd n.r.e.). In making this determination, the
reviewing court must look not only to a particular provision of the act, but also to all applicable
provisions. Gerst, 432 S.W.2d at 706.

 The Commission's rulemaking power at the time the rule was enacted was stated
in general terms: the power to make rules "reasonably required to effectuate the provisions" of
the act. Act of March 30, 1971, 62nd Leg., R.S., ch. 51, § 1, 1971 Tex. Gen. Laws 89. The
rulemaking power is still given in general terms: the Commission shall adopt rules as may be
"necessary or convenient to effectuate" the provisions of the act. § 3.06. (3) Under the warranty
obligation section of the code, the Commission is instructed to "adopt rules for the enforcement
and implementation" of that section. § 6.07(e).

 As discussed by the Fifth Circuit, a goal of the lemon law was to encourage
extrajudicial resolution of warranty-related disputes between purchasers of new cars and
automobile manufacturers, and to mitigate the economic advantages of manufacturers in those
disputes. Chrysler Corp. v. Texas Motor Vehicle Comm'n, 755 F.2d 1192, 1195 (5th Cir. 1985). 
The law is intended to provide the purchaser of a new car with a method of obtaining a refund of
the purchase price or a replacement vehicle without the obstacles of litigating under other
applicable laws. See Alexopoulos, supra, at 157-65 (discussing problems with Uniform
Commercial Code remedies).

 Chrysler argues that the lemon law, as amended in 1989, does not authorize the
Commission to distinguish between those miles driven before the first report of nonconformity
and those driven after the first report in calculating the reasonable allowance for use. Before the
1989 amendment, § 6.07(c) defined "reasonable allowance for use" as follows:


 A reasonable allowance for use shall be that amount directly attributable to use of
the motor vehicle prior to the first report of the nonconformity to the manufacturer
or distributor, its agent or its dealer and during any subsequent period when the
vehicle is not out of service for repair.



Act of May 23, 1983, 68th Leg., R.S., ch. 651, § 7, 1983 Tex. Gen. Laws 4144. In 1989, the
pertinent portion of § 6.07(c) was amended to read:


 A reasonable allowance for use shall be that amount directly attributable to use of
the motor vehicle when the vehicle is not out of service for repair. An order to
refund or to replace may not be issued by the Commission against a manufacturer,
converter, or distributor unless the manufacturer, converter, or distributor has been
mailed prior written notification of the alleged nonconformity or defect from or on
behalf of the owner and has been given an opportunity to cure the alleged defect
or nonconformity.



Act of May 18, 1989, 71st Leg., R.S., ch. 1130, § 34, 1989 Tex. Gen. Laws 4672.

 We do not construe a sentence in a statute in isolation. Ex parte Roloff, 510
S.W.2d 913, 915 (Tex. 1974). The 1989 amendment to § 6.07(c) made express what was
previously only implied: that the manufacturer must be given notice of the nonconformity or
defect and an opportunity to cure before it can be ordered to pay a refund to the purchaser. In
light of this addition to the statute, the reference to the notice of nonconformity contained in the
definition of "reasonable allowance for use" was redundant and, therefore, removed. We do not
believe that the 1989 amendment of § 6.07(c) had the effect of prohibiting the Commission from
reducing the allowance for use of the vehicle following the owner's report of the defect. We
overrule point of error one.


Unreasonable, Arbitrary, Capricious



 Chrysler contends that Rule 107.8(4) is unreasonable, arbitrary, and capricious
because: (1) the calculated reasonable allowance for use is not reasonably related to the actual
impairment of usage; (2) it is not based on a legitimate position by the Commission; and (3) it
denies both manufacturers and owners procedural due process.

 To be upheld, a rule need only be based on a legitimate position of the agency and
need not be wise, desirable, or even necessary. Bullock v. Hewlett-Packard Co., 628 S.W.2d
754, 756 (Tex. 1982). A rule is arbitrary and capricious when it lacks a legitimate reason to
support it. Id. at 754, 757. Administrative convenience is a proper justification for a rule. Id. 
at 756.

 Relation to actual impairment. Chrysler argues that the Commission's formula
bears no reasonable relationship to the actual impairment suffered by any vehicle's owner. 
However, the owner must establish that the vehicle was "substantially impaired" before a refund
can be ordered. At that point, the rule functions to simplify computation of the reasonable
allowance for the owner's use of the vehicle. Estimating that a "substantial" impairment would
reduce the value of the vehicle's use by 50% is not unreasonable. The formula also furthers the
goal of the lemon law of encouraging the use of an alternative to litigation. Chrysler, 755 F.2d
at 1195.

 Under subpoint (1), Chrysler also contends that the order adopting the rule failed
to comply with the Administrative Procedure and Texas Register Act because the notice adopting
the rule did not include a reasoned justification for the rule. Tex. Rev. Civ. Stat. Ann. art. 6252-13a, § 5(c-1)(1) (West Supp. 1993) (APTRA). APTRA § 5(c-1)(1) requires that an agency
provide a reasoned justification in any order finally adopting a proposed rule, after the public-comment period, which must include: (1) a summary of comments from interested parties; (2) a
restatement of the rule's factual bases; and (3) the reasons why the agency disagrees with party
submissions and proposals. Methodist Hosp. of Dallas v. Texas Indus. Accident Bd., 798 S.W.2d
651, 657-59 (Tex. App.--Austin 1990, writ dism'd w.o.j.). Chrysler specifically contends that the
agency did not provide a reasoned justification for its conclusion that a 50% reduction in the
allowance for use for miles driven after the report of the defect is equitable. However, the order
adopting the rule gave a statement of the basis of the entire rule--to provide a simple and equitable
formula to compute the reasonable allowance for use. We think that under this section of APTRA
the reasoned justification requirement was not intended to be applied clause by clause but rather
to the rule as a whole. To do otherwise would, in essence, impose a requirement under § 5(c-1)(1) for detailed findings of fact and conclusions of law. Had that been the legislative intent, this
section would have been written in those terms.

 Not based on a legitimate position. Chrysler also argues that the rule is not based
on a legitimate position of the agency because, while agency convenience may be a permissible
ground on which to uphold a rule, this rule does not serve the agency's convenience but rather
the vehicle owner's convenience. The agency explains that it furthers the agency's convenience
by providing a simple formula to use in situations in which pro se litigants often have difficulties
providing evidence, yet nevertheless the agency must make a decision.

 Chrysler also complains that the formula for calculating the allowance for use of
the vehicle is limited to miles driven through the date of the hearing, and asserts that milage
driven after the hearing should also be included. As the Commission points out, at the hearing,
the vehicle is available to be inspected and its mileage verified. We think the rule serves a
legitimate objective of the agency in administering the statute.

 Violates due process. Chrysler contends the rule violates due process because the
agency should determine the extent of the impairment of use on a case-by-case basis. In general,
the choice between proceeding by rulemaking and case-by-case adjudication is within the sound
discretion of the agency. Deffebach, 631 S.W.2d at 799. Of course, the rule applies only after
the individual vehicle owner has established that he or she qualifies for a refund. In a sense, the
rule functions similarly to rules that treble damages--an individual must establish his or her
particular damages, but the choice has already been made to treble, as opposed to double or
quadruple, damages without relating the amount of the multiplier to an individual's degree of
harm. Further, as discussed above, the rule advances the statute's general purpose. The agency
drew on its experience in formulating the rule and did not abuse its discretion in choosing to apply
a general rule to this aspect of a claimant's case. We overrule point of error two and affirm the
judgment of the trial court.



[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed:  January 13, 1993

[Publish]
1. [1] Unless otherwise stated, all references are to article 4413(36).
2. The first paragraph of Rule 107.8(4) now reads: "Except in cases where clear and
convincing evidence shows that the vehicle has a longer or shorter expected useful life than
100,000 miles, the reasonable allowance for the owner's use of the vehicle shall be that amount
obtained by adding the following[.]" 16 Tex. Admin. Code § 107.8(4) (Supp. 1992). Paragraphs
(A) and (B) remain unchanged.
3. [3] The language changed and was moved to § 3.06 in 1989. Act of May 18, 1989, 71st Leg.,
R.S., ch. 1130, §§ 10, 14, 1989 Tex. Gen. Laws 4658, 4660.