McCarty v. Tx Pks & Wld 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00445-CV








Lewis H. McCarty, Appellant




v.




Texas Parks and Wildlife Department, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 492,135, HONORABLE PETER M. LOWRY, JUDGE PRESIDING







BACKGROUND
 

 Appellant Lewis H. McCarty brought a declaratory judgment suit against the Texas
Parks and Wildlife Department (the "Department"), contesting the validity of its rule prohibiting
the use of dogs to hunt deer. Appellant resides in East Texas and regularly hunts deer. He
prefers to hunt using dogs. After holding numerous hearings, some of which appellant attended,
the Department adopted a rule prohibiting the use of dogs to hunt deer. 31 Tex. Admin. Code
Ann. § 65.19 (West 1995).

 Appellant filed a declaratory judgment action pursuant to Tex. Rev. Civ. Stat. Ann.
art. 6252-13a, § 12 (now codified at Tex. Gov't Code Ann. § 2001.038 (West 1996)), seeking
to declare the rule invalid. Appellant claims the Department conducted inadequate hearings,
resulting in a denial of due process and an arbitrary and capricious decision. After hearing, the
trial court rendered judgment declaring the rule valid. We will affirm the trial court's judgment.



DISCUSSION


 The Legislature established the general procedural requirements for rulemaking. 
An agency must provide (1) public notice; (2) an opportunity for and full consideration of
comments; and (3) a reasoned justification for the rule enacted. Tex. Gov't Code Ann.
§§ 2001.023, 2001.029, 2001.033 (West 1995). To be valid, a rule must be adopted in substantial
compliance with these procedures. See id. § 2001.035.

 Agency rules are presumed valid, and the burden of proof is on the party
challenging the rule. Hollywood Calling v. Public Util. Comm'n, 805 S.W.2d 618, 620 (Tex.
App.--Austin 1991, no writ); Browning-Ferris, Inc. v. Texas Dep't Health, 625 S.W.2d 764, 767
(Tex. App.--Austin 1981, writ ref'd n.r.e.); Tex. Parks & Wild. Code Ann. § 61.106 (West 1991);
see generally, Pieter M Shenkkan, When and How Should Texas Courts Review Agency Rules?,
47 Baylor L. Rev. 989 (1995).

 In his sole point of error, appellant complains that the Department apparently
conducted inadequate hearings, causing it to promulgate an arbitrary and capricious rule. In
support of his argument, appellant cites only to the due process and due course of law clauses of
the federal and state constitutions, and the purpose section of the State Wildlife Conservation Act. 
See U.S. Const. amend. XIV; Tex. Const. art. I, § 19; Tex. Parks & Wild. Code Ann. § 61.002
(West 1991). In doing so, appellant fails to support his point of error with citation to any
applicable authority and has therefore waived error. See Tex. R. App. P. 74(f) (appellate brief
must include discussion of the authorities relied upon to maintain the point at issue); see also
D/FW Commercial Roofing Co, v. Mehra, 854 S.W.2d 182, 189 (Tex. App.--Dallas 1993, no
writ); Helle v. Hightower, 735 S.W.2d 650, 654 (Tex. App.--Austin 1987, writ denied) (failure
to cite applicable authority in support of point of error constitutes waiver of the point). Even
considering the matter on the merits, however, we overrule the complaint.

 To be upheld on judicial review, an agency rule must be reasonable. A rule is
reasonable when it is based on some legitimate position by the agency. The rule need not be wise,
desirable, or even necessary. Bullock v. Hewlett-Packard Co., 628 S.W.2d 754, 756 (Tex. 1982);
Chrysler Motors Corp, v. Motor Vehicle Comm'n, 846 S.W.2d 139, 142 (Tex.App.--Austin 1993,
no writ). A rule is a valid exercise of statutory authority if its provisions are in harmony with the
general objectives of the enabling statute. Gerst v. Oak Cliff Sav. & Loan Ass'n, 432
S.W.2d 702, 706 (Tex. 1968); Chrysler Motors, 846 S.W.2d at 141.

 A rule is arbitrary and capricious when it lacks a legitimate reason to support itself. 
Hewlett-Packard Co., 628 S.W.2d at 757. A rule is invalid under the arbitrary and capricious
standard if the agency omitted from consideration a factor the Legislature intended the agency to
consider, considered an irrelevant factor, or reached an unreasonable result despite weighing the
relevant factors. National Assoc. of Indep. Insurers v. Texas Dep't of Ins., 888 S.W.2d 198, 209
(Tex. App.--Austin 1994, writ denied).

 Appellant does not contend that the Department did not follow the statutory
procedures required for enacting the rule. He simply disagrees with the decision the agency
reached. He argues that the hearings could not have been objective because many witnesses
testified who supported tracking deer with dogs, yet the Department enacted a rule prohibiting the
practice.

 The purpose section of the Wildlife Conservation Act provides:



The purpose of this chapter is to provide a comprehensive method for the
conservation of an ample supply of wildlife resources on a statewide basis to insure
reasonable and equitable enjoyment of the privileges of ownership and pursuit of
wildlife resources. This chapter provides a flexible law to enable the commission
to deal effectively with changing conditions to prevent depletion and waste of
wildlife resources.



Tex. Parks & Wild. Code Ann. § 61.002 (West 1991). Thus, the Department is directed to: (1)
prevent the depletion of deer, and (2) provide equitable and reasonable regulations on hunting
deer. Based upon the record, the trial court found that the Department acted on a reasonable
factual basis in determining that continued deer hunting with dogs presented both a danger of
depletion of deer resources and the likelihood of trespass on private property. See Tex. Parks &
Wild. Code Ann. §§ 61.002, 61.022 (West 1991).

 The record reveals that the Department had before it evidence indicating that (1)
the deer population was significantly smaller and sparser in "dog-hunted" areas than in non "dog-hunted" areas; (2) hunter success rates were higher with the use of dogs than without dogs; (3)
hunting with dogs resulted in a higher crippling rate than hunting without dogs; (4) most "dog-hunted" tracts of land had become too small to contain the roaming of the dogs and to prevent
trespassing; and (5) most deer hunters and landowners in the "dog-hunted" counties of East Texas
opposed the practice of hunting with dogs, many on the grounds of likely trespass.

 The agency promulgated a rule pursuant to its statutory purpose and authority and
enacted the rule in compliance with the statutory requirements. Appellant has not demonstrated
that the agency's rule is either arbitrary or capricious. Given the record, we cannot say that the
trial court erred in concluding that the Department reasonably determined that hunting deer with
dogs depletes deer resources. Therefore, we overrule appellant's sole point of error.



CONCLUSION


 We affirm the trial court's judgment.



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: April 3, 1996

Publish