OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

August 10, 1999

The Honorable David Counts
Chair, Committee on Natural Resources
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0090

Re: Validity of rule relating to location of water
wells (RQ-0017)

Dear Representative Counts:

You asked whether the Texas Natural Resource Conservation Commission had the authority to adopt a certain rule relating to the location of new water wells. The rule required water wells to be located a minimum horizontal distance from a property line. *See* 21 Tex. Reg. 11844 (1996) (formerly codified at 30 TEX. ADMIN. CODE § 238.43(c), *repealed* 24 Tex. Reg. 581 (1999)). You questioned whether the TNRCC could impose a rule requiring a well to be located a minimum distance from a property line because, you tell us, property lines "have no relation to protecting groundwater from contamination." Letter from Representative David Counts to Honorable Dan Morales (Mar. 7, 1997) (on file with Opinion Committee).

In 1997, the Texas Legislature transferred the authority to regulate water well drillers and water well pump installers from the Commission to the Texas Department of Licensing and Regulation. *See* Act of May 28, 1997, 75th Leg., R.S., ch. 1077, 1997 Tex. Gen. Laws 4155. The TNRCC rule was repealed, *see* 24 Tex. Reg. 581 (1999), and a new rule regulating the spacing of water wells was adopted by the Department, *see* 23 Tex. Reg. 13059 (1998). The new Department rule provides in relevant part: "A well shall be located a minimum horizontal distance of 100 ft. from an existing or proposed septic system absorption field, septic systems spray area, a dry litter poultry facility and 50 feet from any property line provided the well is located at the minimum horizontal distance from the sources of potential contamination." 23 Tex. Reg. 13067 (1998) (to be codified at 16 TEX. ADMIN. CODE § 76.1000(b)(2) (Tex. Dep't of Licensing and Regulation)). Among other exceptions, the property line distance requirement does not apply when groundwater district rules are in place regulating the spacing. *Id.* (to be codified at 16 TEX. ADMIN. CODE § 76.1000(b)(4)(A)). We assume that you have the same concerns about the Department rule that you had about the TNRCC rule, so we consider whether the Department has the authority to adopt the rule.

"[A]n agency can adopt only such rules as are authorized by and consistent with its statutory authority." *Railroad Comm'n v. Arco Oil & Gas*, 876 S.W.2d 473, 481 (Tex. App.–Austin 1994, writ denied). The critical factor in determining whether an administrative agency has exceeded its rule-making authority is whether the rule's provisions are in harmony with the general objectives

of the statute involved. *Edgewood Indep. Sch. Dist. v. Meno*, 893 S.W.2d 450, 484 (Tex. 1995); *Railroad Comm'n v. Lone Star Gas Co.*, 884 S.W.2d 679, 685 (Tex. 1992). A court will uphold an agency rule if it is reasonable. *See Bullock v. Hewlett-Packard Co.*, 628 S.W.2d 754, 756 (Tex. 1982). "The rules need not be, in the court's opinion, wise, desirable, or even necessary." *Id.* They need only be based on some legitimate position advanced by the agency. *Id.* When statutory authority exists to adopt the rule, courts will presume that facts exist which justify the rule's promulgation. *Id.*

The Texas Constitution provides that it is the duty of the state to conserve and develop the state's natural resources. TEX. CONST. art. XVI, § 59(a). The Texas Water Code provides: "It is the public policy of the state to provide for the conservation and development of the state's natural resources . . . ." TEX. WATER CODE ANN. § 1.003 (Vernon 1988). Chapters 32 and 33 of the Water Code further this policy by providing for the protection of underground fresh water resources through the regulation of water well drillers and pump installers, who must be licensed by the Department and comply with Department rules. *See id.* §§ 32.002, 33.002 (Vernon Supp. 1999); *see also Williams v. State*, 514 S.W.2d 772, 776 (Tex. Civ. App.–Beaumont 1974, writ ref'd n.r.e.) (discussing the purpose of Water Well Drillers Act, predecessor to chapter 32 of the Water Code).

With respect to water well drillers, "[t]he department, with advice and comment from the Texas Natural Resource Conservation Commission, shall adopt rules as necessary to enforce this chapter, including rules governing applications for a license, qualifications of applicants, standards of conduct for licensed drillers including marking of well drilling rigs and equipment, and rules governing procedure and practice before the department." TEX. WATER CODE ANN. § 32.009 (Vernon 1999). The Department's authority includes the adoption of standards and procedures for the completing of wells by licensed drillers. *Id.* § 32.017. Pump installers are also subject to Department standards and procedures for completing wells. *Id.* § 33.014. "The department shall adopt rules as necessary to enforce" chapter 33. *Id.* § 33.007. In our view, a Department rule regarding the placement of new water wells is within the scope of the Department's authority to adopt standards and procedures for the completion of water wells by water well drillers and pump installers in accordance with the Department's charge to protect the state's groundwater resources.

You question, however, whether requiring a well to be placed a minimum distance from a property line is a legitimate way to protect groundwater from contamination. While it is not for this office to determine which well-placement criteria best protect the state's groundwater, we see a reasonable justification for the requirement that a well be placed a minimum distance from a property line. A landowner may be completely unaware of sources of contamination that lie beyond the landowner's property lines. The landowner may unwittingly place a well near a property line without sufficient protection, thereby creating a conduit for contamination of groundwater. The property-line spacing rule helps landowners avoid such contamination. *See* Letter from Geoffrey S. Conner, General Counsel, Texas Natural Resource Conservation Commission, to Honorable Dan Morales, Texas Attorney General (Apr. 17, 1997) (on file with Opinion Committee).

We believe that the rule advances the purposes of the Water Code and is in harmony with its objectives. Accordingly, we conclude that the rule requiring water wells to be located a minimum distance from a property line is within the scope of the Department's rule-making authority.

## S U M M A R Y

A Texas Department of Licensing and Regulation rule requiring a water well to be located a minimum distance from a property line is within the scope of the Department's rule-making authority.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Barbara Griffin
Assistant Attorney General - Opinion Committee