

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

December 1, 2014

The Honorable Richard Peña Raymond
Chair, Committee on Human Services
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-1089

Re: Questions relating to the validity of a Health and Human Services rule that provides for Medicaid reimbursement to specified licensed counselors (RQ-1202-GA)

Dear Representative Raymond:

You ask three questions about the validity of a rule adopted by the Texas Health and Human Services Commission ("HHSC").[1] As background, HHSC is the state agency responsible for administering the state's Medicaid program, a federal-state program that provides health care services to low-income individuals. TEX. GOV'T CODE ANN. § 531.021(a) (West 2012); TEX. HUM. RES. CODE ANN. § 32.021(a) (West 2013); *see generally* 42 U.S.C.A. §§ 1396–1396w (West 2012 & Supp. 2014) (governing Medicaid). Currently, health care services covered by Medicaid are funded and provided through two different models. The first is a traditional model in which health care providers enrolled in the Medicaid program are reimbursed by HHSC on a "fee-for-service basis at rates set by HHSC." *Sw. Pharmacy Solutions, Inc. v. Tex. Health & Human Servs. Comm'n*, 408 S.W.3d 549, 552 (Tex. App.—Austin 2013, pet. denied). The second and more common model is a managed care model, under which HHSC contracts with managed care organizations[2] ("MCOs") "to provide Medicaid health services under a managed care plan." *Id.* at 553; *see* TEX. GOV'T CODE ANN. § 533.002 (West 2012) (establishing the purpose of the "Medicaid managed care program").

As the administrator of the Medicaid program, HHSC is required "to adopt reasonable rules and standards governing the determination of fees, charges, and rates for medical assistance payments." TEX. GOV'T CODE ANN. § 531.021(b)(2) (West 2012); TEX. HUM. RES. CODE ANN.

---

[1]Letter from Honorable Richard Peña Raymond, House Comm. on Human Servs., to Honorable Greg Abbott, Tex. Att'y Gen. at 1–2 (May 20, 2014), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]An MCO "is a type of health maintenance organization (HMO) 'in which the over-all care of a patient is coordinated by or through a single organization.'" *Methodist Hosps. of Dallas v. Amerigroup Tex., Inc.*, 231 S.W.3d 483, 486 n.6 (Tex. App.—Dallas 2007, pet. denied) (citation omitted); *see also* 1 TEX. ADMIN. CODE § 353.2(41), (51) (2014) (HHSC) (defining an MCO for purposes of the managed care program).

§ 32.028(a) (West 2013). According to a recent decision by the Third Court of Appeals, HHSC's rulemaking duty applies only to medical assistance payments[3] made under the "fee-for-service" model; HHSC is not required to adopt rules for the determination of fees, charges, and rates for medical assistance payments under the managed care program. *Sw. Pharmacy*, 408 S.W.3d at 560–62 ("To impose on HHSC the duty to regulate the rate the MCOs pay the provider pharmacies would contravene the 'full risk' nature and intent of the managed care model . . . and call for state intervention into private contracts."). With this background in mind, we turn to your questions.

Your request concerns HHSC's rule 355.8091, which provides:

> Counseling services provided by a licensed professional counselor, a licensed master social worker-advanced clinical practitioner, or a licensed marriage and family therapist . . . are reimbursed at 70% of the existing fee for similar services provided by psychiatrists and psychologists as described in § 355.8085 of this title (relating to Texas Medicaid Reimbursement Methodology (TMRM)).

1 TEX. ADMIN. CODE § 355.8091 (2014) (HHSC). You state that a Medicaid MCO has been "recouping" previously paid reimbursement for behavioral health services, purportedly in reliance on rule 355.8091. Request Letter at 1. You question whether the rule conflicts with section 1451.104 of the Insurance Code. *Id.*

Courts presume that agency rules are valid. *McCarty v. Tex. Parks & Wildlife Dep't*, 919 S.W.2d 853, 854 (Tex. App.—Austin 1996, no writ). A rule is invalid if it is contrary to the relevant governing statutes or if it conflicts with other state law. *R.R. Comm'n. v. Lone Star Gas Co.*, 844 S.W.2d 679, 685 (Tex. 1992); *Lee v. Tex. Workers' Comp. Comm'n*, 272 S.W.3d 806, 812–13 (Tex. App.—Austin 2008, no pet.). Section 1451.104 is located in chapter 1451, subchapter C of the Insurance Code. *See* TEX. INS. CODE ANN. § 1451.104 (West 2009). Subchapter C generally authorizes a person who is a beneficiary under a health insurance policy to select certain health care practitioners for the provision of services or procedures scheduled in the insured's health insurance policy. *See generally id.* §§ 1451.101(2) (defining "insured"), 1451.105–.124 (West 2009 & Supp. 2014) (providing the types of practitioners that may be selected). Section 1451.104 provides in relevant part:

> An insurer may not classify, differentiate, or discriminate between scheduled services or procedures provided by a health care practitioner selected under this subchapter and performed in the

---

[3]"Medical assistance" means "a medical or health care related service, item, or supply that is delivered to a Medicaid recipient and is approved and authorized for payment or reimbursement by [HHSC] or a health and human services agency pursuant to state and federal law." 1 TEX. ADMIN. CODE § 355.201(a)(2) (2014) (HHSC).

> scope of that practitioner's license and the same services or procedures provided by another type of health care practitioner whose services or procedures are covered by a health insurance policy, in regard to:
>
> (1) the payment schedule or payment provisions of the policy; or
>
> (2) the amount or manner of payment or reimbursement under the policy.

*Id.* § 1451.104(a) (West 2009). In section 1451.104, an "insurer" means "an insurer, association, or organization described by Section 1451.102." *Id.* § 1451.101(3); *see also id.* § 1451.101(1) (defining a "health insurance policy" as "a policy, contract, or agreement described by Section 1451.102"). Section 1451.102 provides that subchapter C applies "only to an individual, group, blanket, or franchise insurance policy, insurance agreement, or group hospital service contract that provides health benefits . . . and that is delivered, issued for delivery, or renewed in this state by any incorporated or unincorporated insurance company, association, or organization, including" a list of ten entities, all of which operate in the business of insurance under specific chapters of the Insurance Code. *Id.* § 1451.102. Though the list is non-exhaustive, it is illustrative of the types of entities that the Legislature intended to be subject to subchapter C. *See* TEX. GOV'T CODE ANN. § 311.005(13) (West 2013) (Code Construction Act provision defining "including" as a term of enlargement and not limitation); *see also Samantar v. Yousuf,* 560 U.S. 305, 317 (2010) (observing that "use of the word 'include' can signal that the list that follows is meant to be illustrative rather than exhaustive"). Thus, to the extent that section 1451.104 prohibits differentiating among reimbursement rates, it does so only with respect to those of an "insurance company, association, or organization" that engages in the business of insurance. TEX. INS. CODE ANN. §§ 1451.102, .104 (West 2009).

HHSC is a state agency that administers the state's Medicaid program for individuals that cannot afford insurance. *See Sw. Pharmacy,* 408 S.W.3d at 552. HHSC does not operate under the Insurance Code, nor is it akin to the entities defined in section 1451.102 as "insurers." Thus, HHSC is not an insurer for purposes of section 1451.104, and the prohibition against differentiated reimbursement rates does not apply to its rules governing "fee-for-service" Medicaid reimbursement payments. Therefore, rule 355.8091 is not contrary to, nor does it conflict with, section 1451.104 of the Insurance Code.

Your second question is premised on a conclusion that a conflict does exist, so we do not address it. Your third question asks, assuming a conflict does not exist and rule 355.8091 is valid, "if the MCO's contracts with providers incorporate by reference a fee schedule that fails to apply the rule, which governs—the fee schedule or the rule?" Request Letter at 2. HHSC

applies rule 355.8091 "only in the fee for service component of the Medicaid program."[4] Consistent with the Third Court of Appeals' decision in *Southwest Pharmacy Solutions*, HHSC does not apply the rule to MCOs, which, under the managed care model, negotiate their own reimbursement rates with service providers. *See Sw. Pharmacy*, 408 S.W.3d at 560–62 (explaining that MCOs negotiate terms of reimbursement with provider pharmacies). As the agency charged with administration of the Medicaid program, HHSC's interpretation of its own regulations is entitled to deference unless that interpretation is "'plainly erroneous or inconsistent with the regulation.'" *Pub. Util. Comm'n of Tex. v. Gulf States Utils. Co.*, 809 S.W.2d 201, 207 (Tex. 1991) (citations omitted). HHSC's interpretation of its rule is not plainly erroneous. Therefore, we find no reason to doubt HHSC's position that rule 355.8091 does not govern a contract for services between an MCO and a health service provider.

---

[4]Brief from Jack Stick, Chief Counsel, Texas Health & Human Servs. Comm'n, at 6 (July 18, 2014) (on file with Op. Comm.).

## SUMMARY

The Texas Health and Human Services Commission's rule at 1 Texas Administrative Code section 355.8091 does not apply to managed care organizations in the Texas Medicaid program. Nor does the rule conflict with section 1451.104 of the Insurance Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Stephen L. Tatum, Jr.
Assistant Attorney General, Opinion Committee