**CHRYSLER MOTORS CORPORATION**

v.

**TEXAS MOTOR VEHICLE COMMISSION.**

No. 3–91–408–CV.

Court of Appeals of Texas, Austin.

Jan. 13, 1993.

Daniel A. Foster, McLean & Sanders, Fort Worth, for appellant.

Dan Morales, Atty. Gen., Douglas Fraser, Liz Bill, Asst. Attys. Gen., Austin, for appellee.

Before CARROLL, C.J., and JONES and KIDD, JJ.

PER CURIAM.

Chrysler Motors Corporation appeals from a declaratory judgment upholding a rule promulgated by the Texas Motor Vehicle Commission (the Commission) to implement the "Lemon Law," Motor Vehicle Commission Code, Tex.Rev.Civ.Stat.Ann. art. 4413(36), § 6.07 (West Supp.1993) (the Code).[1] We will affirm the judgment of the trial court.

### The Lemon Law

Texas, in common with a number of other states, in response to consumer frustration over problems with repeated repairs involving new cars, passed a "lemon law" giving consumers a cause of action against a vehicle's manufacturer to force a replacement of the vehicle or a refund of the purchase price. *See generally* Noralyn O. Harlow, Annotation, *Validity, Construction, and Effect of State Motor Vehicle Warranty Legislation (Lemon Laws)*, 51 ALR4th 872–891 (1987); Ayala Alexopoulos, Comment, *A New Twist for Texas "Lemon" Owners*, 17 St. Mary's L.J. 155 (1985). Under the Code, the Commission "shall cause" manufacturers and distributors to perform warranty performance obligations. § 6.07(a). The Commission may order a manufacturer to repurchase a vehicle that fails to conform to the manufacturer's express warranties due to a defect that the manufacturer has been unable to

---

1. Unless otherwise stated, all references are to article 4413(36).

repair and that "substantially impairs" the use or market value of the car. § 6.07(c). The repurchase price is the purchase price of the vehicle less a "reasonable allowance" for the owner's use of the vehicle. *Id.* Chrysler challenges the rule calculating the reasonable allowance for use because the rule reduces the reasonable allowance for use for certain miles driven and thus increases the repurchase price paid to the vehicle's owner.

Rule 107.8(4) as it read at the time this cause arose [2], provided:

> Except in cases involving unusual and extenuating circumstances, supported by a preponderance of clear and convincing evidence, a reasonable allowance for the owner's use of the vehicle shall be that amount obtained by adding the following:
>
> > (A) the product obtained by multiplying the purchase price of the vehicle, as defined in paragraph (3) of this subsection, by a fraction having as its denominator 100,000 and having as its numerator the number of miles that the vehicle traveled from the time of delivery to the owner to the first report of the defect or condition forming the basis of the repurchase order; and
> >
> > (B) 50% of the product obtained by multiplying the purchase price by a fraction having as its denominator 100,000 and having as its numerator the number of miles that the vehicle traveled after the first report of the defect or condition forming the basis of the repurchase order. The number of miles during the period covered in this paragraph shall be determined from the date of the first report of the defect or condition forming the basis of the repurchase order through the date of the TMVC hearing.

13 Tex.Reg. 4778, 4779 (1988). The reasonable allowance for use is determined by adding two numbers: price divided by 100,000 multiplied by the number of miles driven before the first report of the defect and 50% of price divided by 100,000 times the number of miles driven from the first report of the defect up through the date of the hearing. Chrysler challenges the components of the formula providing for a 50% reduction for miles driven after the first report of the defect and limiting the allowance for use to miles driven through the time of the hearing, rather than through the time of the vehicle's return to the manufacturer.

In two points of error, Chrysler contends that the trial court erred in failing to hold Rule 107.8(4) invalid because: (1) the rule exceeds the Commission's statutory authority, and (2) the rule is unreasonable, arbitrary, and capricious.

### Rule Exceeds Statutory Authority

■ Chrysler contends that the rule exceeds the authority conferred on the Commission by statute and is therefore invalid. The rule at issue is presumed valid and Chrysler has the burden to show that the Commission did not have the authority to promulgate it. *Hollywood Calling v. Public Util. Comm'n,* 805 S.W.2d 618, 620 (Tex.App.—Austin 1991, no writ); *Browning-Ferris, Inc. v. Texas Dep't of Health,* 625 S.W.2d 764, 767 (Tex.App.—Austin 1981, writ ref'd n.r.e.). The determinative factor in deciding if the Commission exceeded its authority is whether the rule is in harmony with the general objectives of the statute. *Gerst v. Oak Cliff Sav. & Loan Ass'n,* 432 S.W.2d 702, 706 (Tex. 1968); *State Bd. of Ins. v. Deffebach,* 631 S.W.2d 794, 798 (Tex.App.—Austin 1982, writ ref'd n.r.e.). In making this determination, the reviewing court must look not only to a particular provision of the act, but also to all applicable provisions. *Gerst,* 432 S.W.2d at 706.

The Commission's rulemaking power at the time the rule was enacted was stated in general terms: the power to make rules

---

**2.** The first paragraph of Rule 107.8(4) now reads: "Except in cases where clear and convincing evidence shows that the vehicle has a longer or shorter expected useful life than 100,000 miles, the reasonable allowance for the owner's use of the vehicle shall be that amount obtained by adding the following[.]" 16 Tex.Admin.Code § 107.8(4) (Supp.1992). Paragraphs (A) and (B) remain unchanged.

"reasonably required to effectuate the provisions" of the act. Act of March 30, 1971, 62nd Leg., R.S., ch. 51, § 1, 1971 Tex.Gen. Laws 89. The rulemaking power is still given in general terms: the Commission shall adopt rules as may be "necessary or convenient to effectuate" the provisions of the act. § 3.06.[3] Under the warranty obligation section of the code, the Commission is instructed to "adopt rules for the enforcement and implementation" of that section. § 6.07(e).

■ As discussed by the Fifth Circuit, a goal of the lemon law was to encourage extrajudicial resolution of warranty-related disputes between purchasers of new cars and automobile manufacturers, and to mitigate the economic advantages of manufacturers in those disputes. *Chrysler Corp. v. Texas Motor Vehicle Comm'n,* 755 F.2d 1192, 1195 (5th Cir.1985). The law is intended to provide the purchaser of a new car with a method of obtaining a refund of the purchase price or a replacement vehicle without the obstacles of litigating under other applicable laws. *See* Alexopoulos, *supra,* at 157–65 (discussing problems with Uniform Commercial Code remedies).

Chrysler argues that the lemon law, as amended in 1989, does not authorize the Commission to distinguish between those miles driven before the first report of nonconformity and those driven after the first report in calculating the reasonable allowance for use. Before the 1989 amendment, § 6.07(c) defined "reasonable allowance for use" as follows:

> A reasonable allowance for use shall be that amount directly attributable to use of the motor vehicle prior to the first report of the nonconformity to the manufacturer or distributor, its agent or its dealer and during any subsequent period when the vehicle is not out of service for repair.

Act of May 23, 1983, 68th Leg., R.S., ch. 651, § 7, 1983 Tex.Gen.Laws 4144. In 1989, the pertinent portion of § 6.07(c) was amended to read:

> A reasonable allowance for use shall be that amount directly attributable to use of the motor vehicle when the vehicle is not out of service for repair. An order to refund or to replace may not be issued by the Commission against a manufacturer, converter, or distributor unless the manufacturer, converter, or distributor has been mailed prior written notification of the alleged nonconformity or defect from or on behalf of the owner and has been given an opportunity to cure the alleged defect or nonconformity.

Act of May 18, 1989, 71st Leg., R.S., ch. 1130, § 34, 1989 Tex.Gen.Laws 4672.

■ We do not construe a sentence in a statute in isolation. *Ex parte Roloff,* 510 S.W.2d 913, 915 (Tex.1974). The 1989 amendment to § 6.07(c) made express what was previously only implied: that the manufacturer must be given notice of the nonconformity or defect and an opportunity to cure before it can be ordered to pay a refund to the purchaser. In light of this addition to the statute, the reference to the notice of nonconformity contained in the definition of "reasonable allowance for use" was redundant and, therefore, removed. We do not believe that the 1989 amendment of § 6.07(c) had the effect of prohibiting the Commission from reducing the allowance for use of the vehicle following the owner's report of the defect. We overrule point of error one.

Unreasonable, Arbitrary, Capricious

Chrysler contends that Rule 107.8(4) is unreasonable, arbitrary, and capricious because: (1) the calculated reasonable allowance for use is not reasonably related to the actual impairment of usage; (2) it is not based on a legitimate position by the Commission; and (3) it denies both manufacturers and owners procedural due process.

■ To be upheld, a rule need only be based on a legitimate position of the agency and need not be wise, desirable, or even necessary. *Bullock v. Hewlett–Packard Co.,* 628 S.W.2d 754, 756 (Tex.1982). A rule is arbitrary and capricious when it

3. The language changed and was moved to § 3.06 in 1989. Act of May 18, 1989, 71st Leg., R.S., ch. 1130, §§ 10, 14, 1989 Tex.Gen.Laws 4658, 4660.

lacks a legitimate reason to support it. *Id.* at 754, 757. Administrative convenience is a proper justification for a rule. *Id.* at 756.

■ *Relation to actual impairment.* Chrysler argues that the Commission's formula bears no reasonable relationship to the actual impairment suffered by any vehicle's owner. However, the owner must establish that the vehicle was "substantially impaired" before a refund can be ordered. At that point, the rule functions to simplify computation of the reasonable allowance for the owner's use of the vehicle. Estimating that a "substantial" impairment would reduce the value of the vehicle's use by 50% is not unreasonable. The formula also furthers the goal of the lemon law of encouraging the use of an alternative to litigation. *Chrysler*, 755 F.2d at 1195.

■ Under subpoint (1), Chrysler also contends that the order adopting the rule failed to comply with the Administrative Procedure and Texas Register Act because the notice adopting the rule did not include a reasoned justification for the rule. Tex. Rev.Civ.Stat.Ann. art. 6252–13a, § 5(c–1)(1) (West Supp.1993) (APTRA). APTRA § 5(c–1)(1) requires that an agency provide a reasoned justification in any order finally adopting a proposed rule, after the public-comment period, which must include: (1) a summary of comments from interested parties; (2) a restatement of the rule's factual bases; and (3) the reasons why the agency disagrees with party submissions and proposals. *Methodist Hosp. of Dallas v. Texas Indus. Accident Bd.*, 798 S.W.2d 651, 657–59 (Tex.App.—Austin 1990, writ dism'd w.o.j.). Chrysler specifically contends that the agency did not provide a reasoned justification for its conclusion that a 50% reduction in the allowance for use for miles driven after the report of the defect is equitable. However, the order adopting the rule gave a statement of the basis of the entire rule—to provide a simple and equitable formula to compute the reasonable allowance for use. We think that under this section of APTRA the reasoned justification requirement was not intended to be applied clause by clause but rather to the rule as a whole. To do otherwise would, in essence, impose a requirement under § 5(c–1)(1) for detailed findings of fact and conclusions of law. Had that been the legislative intent, this section would have been written in those terms.

■ *Not based on a legitimate position.* Chrysler also argues that the rule is not based on a legitimate position of the agency because, while agency convenience may be a permissible ground on which to uphold a rule, this rule does not serve the agency's convenience but rather the vehicle owner's convenience. The agency explains that it furthers the agency's convenience by providing a simple formula to use in situations in which pro se litigants often have difficulties providing evidence, yet nevertheless the agency must make a decision.

Chrysler also complains that the formula for calculating the allowance for use of the vehicle is limited to miles driven through the date of the hearing, and asserts that mileage driven after the hearing should also be included. As the Commission points out, at the hearing, the vehicle is available to be inspected and its mileage verified. We think the rule serves a legitimate objective of the agency in administering the statute.

■ *Violates due process.* Chrysler contends the rule violates due process because the agency should determine the extent of the impairment of use on a case-by-case basis. In general, the choice between proceeding by rulemaking and case-by-case adjudication is within the sound discretion of the agency. *Deffebach*, 631 S.W.2d at 799. Of course, the rule applies only after the individual vehicle owner has established that he or she qualifies for a refund. In a sense, the rule functions similarly to rules that treble damages—an individual must establish his or her particular damages, but the choice has already been made to treble, as opposed to double or quadruple, damages without relating the amount of the multiplier to an individual's degree of harm. Further, as discussed above, the rule advances the statute's general purpose. The agency drew on its experience in formulating the rule and did not

abuse its discretion in choosing to apply a general rule to this aspect of a claimant's case. We overrule point of error two and affirm the judgment of the trial court.