SECOND DIVISION 

July 16, 2002

No. 1-00-2212

JOANNE VALENTI, 

Plaintiff-Appellant,

v.

MITSUBISHI MOTOR SALES OF AMERICA, INC., 

Defendant-Appellee.

)))))))))

Appeal from the

Circuit Court of

Cook County

No. 97 L 10638

Honorable

Glynn J. Elliott, Jr.,

Judge Presiding.

JUSTICE CAHILL delivered the opinion of the court:

Plaintiff appeals a grant of summary judgment for defendant on her breach of express and implied warranties raised under the Magnuson-Moss Warranty Federal Trade Commission Improvement Act (MMWA) (15 U.S.C. §2301 
et seq
. (1994)).  We affirm.

Plaintiff bought a 1997 Mitsubishi Galant from a Mitsubishi dealer on April 30, 1997.  The Galant was covered by a limited 3-year or 36,000-mile warranty, under which Mitsubishi promised to repair or replace defective parts.  The warranty did not give plaintiff the right to seek a refund or replacement of the Galant in the event of a defect.

Plaintiff took possession of the Galant on April 30, 1997.  Plaintiff experienced problems with a water leak in the sunroof and transmission gear changes soon thereafter.  Plaintiff brought the car to the dealership for service on May 5, 1997, complaining of a leaking sunroof.  This problem was repaired.  The car had 35 miles on it at the time of servicing.  Plaintiff brought the car to the dealership for service again on May 7, 1997.  The car now had 76 miles on it.  Plaintiff complained of a "hard shift" in the transmission.  Plaintiff testified in her deposition that the car would "bang" into first gear when she accelerated from a stopped position.  The transmission was adjusted and the car returned to plaintiff.  Plaintiff returned to the dealership for service on June 6, 1997, complaining that the transmission problem had not been repaired.  The car was serviced and returned to plaintiff.  The car was brought in for service again on June 25, 1997.  Plaintiff complained that the transmission problem still had not been repaired and that the car continued to "bang" into first gear from a stopped position.  The car had 1,266 miles on it by June 25.  

A service manager from the dealership and a senior district service manager for defendant, Mitsubishi Motor Sales of America, Inc., told plaintiff that the "hard shift" of which she complained was a typical operating characteristic of the Galant's transmission.  Both managers said that the transmission operated within normal specifications and would no longer be serviced for the transmission problem.  Plaintiff did not return the car for service after June 25, 1997.  Plaintiff testified in her deposition that she continued to drive the Galant to and from work and to run daily errands.  Plaintiff said that, with the exception of the transmission problem, the car worked as expected.

Plaintiff revoked acceptance of the Galant in writing on August 2, 1997, and asked for a refund.  Defendant denied plaintiff's revocation of acceptance.  Plaintiff then filed a two-count complaint alleging breach of express warranty and the implied warranty of merchantability under the MMWA on September 5, 1997.  

Defendant filed a motion for summary judgment on October 26, 1998.  Defendant sought summary judgment on both counts, arguing that there was no defect and that the Galant was fit for ordinary use.  Defendant attached the affidavits of Steve Iannarone, the dealership service manager,  and Peter Tankersley, defendant's district senior service manager, in support of its motion.  Iannarone and Tankersley both testified that the complained-of transmission problem was an inherent operating characteristic of the Galant's transmission and that the car operated within normal specifications.  Defendant also relied on plaintiff's deposition testimony where plaintiff admitted that she used the car for normal daily use after the last attempted repair on June 25, 1997.  Plaintiff responded that whether defendant breached express or implied warranties was a question of fact here, where repeated attempts to repair the car failed.  The trial court denied defendant's motion for summary judgment on January 27, 1999.  

Plaintiff sold the Galant on December 22, 1999, and bought a replacement car.  Plaintiff received $11,000 for the Galant, which had 17,290 miles on December 22.  Defendant then filed a second motion for summary judgment on February 4, 2000.  This motion argued that, since plaintiff no longer possessed the Galant, she could no longer pursue a claim for breach of the MMWA relating to alleged defects in the Galant.  Defendant also argued that the sale of the Galant established it was merchantable as a matter of law.  The trial court granted defendant's second summary judgment motion based on plaintiff's admission that she had traded in the Galant.  The trial court found that the trade-in "undermined" a MMWA claim.  This appeal followed. 

We review a grant of summary judgment 
de novo
.  
Segers v. Industrial Comm'n
, 191 Ill. 2d 421, 428, 732 N.E.2d 488 (2000).  We may affirm on any ground supported by the record, even if not relied on by the trial court.  
Leonardi v. Loyola University of Chicago
, 168 Ill. 2d 83, 97, 658 N.E.2d 450 (1995).  
      

We first address an issue created by defendant's response brief.  Defendant, in an attempt to cite and rely on a similar case favorably disposing of the issues raised here in an earlier unpublished order under Supreme Court Rule 23 (166 Ill. 2d R. 23), devotes two-thirds of its brief to argue that the rule is unconstitutional.  We need not reach the constitutional argument, as it is raised for the first time on appeal.  
Jones v. Chicago HMO Ltd. of Illinois
, 191 Ill. 2d 278, 306, 730 N.E.2d 1119 (2000).

Defendant first cited the unpublished order in a reply brief filed in the trial court on a motion for summary judgment.  Defendant voluntarily withdrew the brief and acknowledged that it was improper to cite an unpublished order.  Defendant's revised brief made no reference to the unpublished order or the unconstitutionality of Rule 23.  The trial court then ruled in defendant's favor and plaintiff appealed.

Defendant then filed a brief on appeal, two-thirds of which urges us to declare Rule 23 unconstitutional and then follow the reasoning in the earlier cited unpublished order.  The proper remedy for improper use of a nonprecedential case in an appellate brief is to strike the references to the case instead of striking the entire brief.  
Wallis v. Country Mutual Insurance Co.
, 309 Ill. App. 3d 566, 572, 723 N.E.2d 376 (2000).  References to the unpublished case in defendant's brief here are stricken. 

The substantive issues raised in this appeal ask us to determine whether a consumer who sells an allegedly defective car, after efforts to return the car fail, may pursue claims for breach of written and implied warranties under the MMWA.  This is an issue of first impression in Illinois.  Our research also failed to uncover a federal case addressing this question.  We disagree with defendant that this issue was considered in 
Pfeiffer v. Ford Motor Co.
, 517 N.W.2d 76 (Minn. App. 1994).  The court in 
Pfeiffer
 based its ruling on statutory requirements in Minnesota's "Lemon Law," not the MMWA.  
Pfeiffer
, 517 N.W.2d at 80.  We conclude that we need not reach the questions raised here after reviewing the record.  

The record shows that plaintiff sold her allegedly defective car for its fair market value.  This fact was attested to by Walter Hubler, a pre-owned vehicle sales manager for the Lexus dealership where plaintiff received $11,000 trade-in credit toward a new Lexus.  Hubler said $11,000 was the car's fair market value at the time of the trade in.  Hubler said the dealership then sold plaintiff's car wholesale for $11,000 and did not make a profit on the sale.  Plaintiff did not contradict these facts.  Facts unrebutted in an affidavit are taken as true. 
Purtill v. Hess
, 111 Ill. 2d 229, 240-41, 489 N.E.2d 867 (1986).  

Plaintiff contended at oral argument that she did not have to show damages at this stage of litigation, but was only required to allege that she suffered damages with enough specificity to survive a motion for summary judgment.  This is true.  See 
Allegro Services, Ltd. v. Metropolitan Pier & Exposition Authority
, 172 Ill. 2d 243, 256, 665 N.E.2d 1246 (1996) (party opposing summary judgment need not prove case at summary judgment stage, but must allege facts that would entitle party to relief sought).  Plaintiff's allegations here lack the requisite specificity to entitle plaintiff to relief.  The complaint states:

"14.  The vehicle continues to exhibit the above mentioned defects which substantially impair its use, value and/or safety.

15.  Plaintiff has been and will continue to be financially damaged due to Manufacturer's intentional, reckless, wanton and negligent failure to comply with the provisions of its warranty.

16.  Plaintiff seeks relief for losses due to the defects in the above-mentioned vehicle in addition to attorneys' fees and all court costs."

Paragraphs 14 and 15 of the complaint, read within the context of the complaint as a whole, are conclusory.  All that can be gleaned from this complaint and the evidentiary materials in this record  is that plaintiff purchased a new car for an agreed-upon price, drove it 17,290 miles and traded it in more than 2 1/2 years later for fair market value.   

While it is not necessary that damages for breach of warranty be calculated with mathematical precision (
Burrus v. Itek Corp
., 46 Ill. App. 3d 350, 357, 360 N.E.2d 1168 (1977)), basic contract theory requires that damages be proved with reasonable certainty and precludes damages based on conjecture or speculation.  
Bockman Printing & Services, Inc. v. Baldwin-Gregg, Inc
., 213 Ill. App. 3d 516, 527, 572 N.E.2d 1094 (1991).    

The measure of damages for a breach of warranty claim is the difference between the value of the property as warranted and the actual value on the date of breach.  
Wheelock v. Berkeley
, 138 Ill. 153, 157, 27 N.E. 942 (1891); 
Felde v. Chrysler Credit Corp
., 219 Ill. App. 3d 530, 539, 580 N.E.2d 191 (1991).  Plaintiff is required to properly allege a present injury and damages in her complaint.  
Verb v. Motorola, Inc
., 284 Ill. App. 3d 460, 471, 672 N.E.2d 1287 (1996).  Plaintiff bears the burden of establishing the correct measure of damages.  
First National Bank of Elgin v. Dusold
, 180 Ill. App. 3d 714, 718, 536 N.E.2d 100 (1989).   

Plaintiff here cannot meet this burden where the undisputed facts show that plaintiff sold the car at its fair market value, despite the alleged defect of which she now complains.  

Damages are an element of a breach of warranty claim.  Without damages, there can be no recovery and no need for us to determine whether plaintiff's decision to trade in her allegedly defective Mitsubishi bars her claims.  See 
Jewell Belting Co. v. Hamilton Rubber Manufacturing Co.
, 257 Ill. 238, 242, 100 N.E. 920 (1913) (plaintiff not allowed to recover for breach of warranty where no measure of damages provided).

The judgment of the trial court is affirmed.

Affirmed.

GORDON and COUSINS, JJ., concur.